UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GABRIEL RYAN ANDLER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00134 |
| | § | |
| COX, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Gabriel Ryan Andler, proceeding *pro se*, was a federal prisoner at the Federal Correctional Institution-Three Rivers in Three Rivers, Texas, at the time he filed his petition. In July 2021, he filed the present 28 U.S.C. § 2241 petition, alleging that the Federal Bureau of Prisons ("BOP") was required to apply pre-trial and state custody credit to his sentence. (D.E. 1). Respondent filed a motion to dismiss, to which Andler has failed to respond. (D.E. 17). While the case was pending, Andler was released from prison and placed on supervised release. (*See* D.E. 12; D.E. 17 at 1, 3). For the reasons discussed further below, it is recommended that Respondent's motion to dismiss (D.E. 17) be GRANTED and Andler's petition (D.E. 1) be DISMISSED AS MOOT.

### I. BACKGROUND

*a. Petition*

In July 2021, Andler filed his § 2241 petition. (D.E. 1). Andler, who was serving a 66-month sentence at the time of his petition, contends that the BOP was required to

credit him with: (1) 887 days of pre-trial custody to his federal sentence; (2) time he spent in state custody prior to beginning his federal sentence; and (3) time resulting from a delay in transferring him to federal custody. (*Id.* at 6).

### b. Evidence

In March 2016, Andler was charged in the District of New Mexico with one count of possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (D.E. 17-1 at 1-2). He pleaded guilty on both counts and was sentenced to 6 months' imprisonment for the drug offense and a consecutive 60 months' imprisonment for the firearm conviction. (D.E. 17-4 at 1-3). BOP records indicate that Andler was released on September 20, 2021.[1]

## II. DISCUSSION

In the motion to dismiss, the Respondent contends that Andler's petition is now moot because he has been released from prison and is now on supervised release. (D.E. 17 at 10-13). Respondent contends that, as in *Herndon v. Upton*, 958 F.3d 443 (5th Cir. 2021), there is no longer a live case or controversy for which this Court can grant any relief. (*Id.* at 3). Specifically, Respondent contends that, even if Andler spent more time in prison than he should have, only the District of New Mexico has the authority to modify the terms of Andler's supervised release. *Id.*

---

[1] The federal offender database maintained by the Bureau of Prisons is available at: https://www.bop.gov/mobile/find_inmate/byname.jsp.

Andler has not filed a response.

In *Herndon*, the petitioner was initially convicted in the Southern District of Florida. *Herndon*, 985 F.3d at 444. She subsequently filed a § 2241 petition in the Northern District of Texas, where she was incarcerated at the time, seeking additional credit against her sentence for time previously spent on home confinement. *Id.* at 445. While the petition was pending, she was released from prison and began a term of supervised release. The district court *sua sponte* dismissed her petition as moot because she was no longer incarcerated. *Id.* The Fifth Circuit affirmed the district court's dismissal, concluding that "there was no longer a live case or controversy for which any relief could be granted." *Id.* at 446. Herndon had not sought a modification of her supervised release, nor would a modification automatically follow. *Id.* The Fifth Circuit rejected the argument that the case was not moot because the petitioner's term of supervised release could still be modified or terminated by the sentencing court. *Id.* at 446-48. The Fifth Circuit stated that, absent a transfer of jurisdiction over a prisoner's term of supervised release, only the sentencing court had the authority to modify the terms of a prisoner's supervised release. *Id.* at 447. Because the petitioner was sentenced in the Southern District of Florida, the Northern District of Texas could offer no further relief in relation to the term of supervised release. *Id.*

Here, Andler's petition is analogous to the petition at issue in *Herndon*. Andler was sentenced in the District of New Mexico. (*See* D.E. 17-4). He subsequently filed his § 2241 petition in this district, which was proper because he was incarcerated here at the time. (D.E. 1). However, while the petition was pending, Andler was released from prison

3

and began his term of supervised release. To the extent that Andler's petition sought to obtain an earlier release from prison, that remedy is now moot because he has already been released. *Herndon*, 985 F.3d at 445-46. To the extent that Andler's petition sought to modify the terms of his supervised release, this Court can offer no further relief because it is not the sentencing court. *Id.* at 446-48. Thus, there is no longer any relief that this Court can provide to Andler.

### III. RECOMMENDATION

Accordingly, it is recommended that Respondent's motion to dismiss (D.E. 17) be GRANTED and Andler's petition (D.E. 1) be DISMISSED AS MOOT.

Respectfully submitted on January 13, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).